CHARLES L. WALLRAFF, RESPONDENT, v. W. J. B. MOTOR TRUCK COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND, APPELLANTS.

Submitted July 6, 1922—Decided November 8, 1922.

Plaintiff purchased a motor truck which was in defendant's possession on January 20th, at which time it was in complete running order. Later he brought replevin after a formal demand and obtained judgment February 28th; but was delayed by an appeal for a year; at the end of which he found the truck dismantled, and refused to accept it. *Held*, in a suit on the appeal bond that plaintiff's evidence of the condition of the truck on January 20th justified a finding in the absence of evidence of a change before the demand in replevin, that the condition of the truck at the latter date was substantially the same.

---

On appeal from the District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellants, *Lum, Tamblyn & Colyer.*

For the respondent, *Edward R. McGlynn.*

The opinion of the court was delivered by

PARKER, J. This is a suit on an appeal bond in a replevin suit. The condition of the bond is as follows:

"WHEREAS, a judgment was rendered in the First District Court of the city of Newark on February 28th, 1921, in a suit therein depending wherein Charles L. Wallraff is plaintiff, and the W. J. B. Motor Truck Co., a corporation, is defendant, for the possession of an automobile truck and fourteen and 50/100 ($14.50) dollars costs of suit, and the defendant W. J. B. Motor Truck Co., a corporation, is about to appeal from the said judgment of the First District Court of the city of Newark to the New Jersey Supreme Court;

"Now, the condition of this obligation is such, that if the said W. J. B. Motor Truck Co., a corporation, shall pay the costs of said appeal, whatever be the result thereof, and shall deliver to the said Charles L. Wallraff the automobile truck for the possession of which judgment has been awarded to the said Charles L. Wallraff, if the said appeal be not prosecuted by the said W. J. B. Motor Truck Co., a corporation, or be dismissed, then this obligation to be void; otherwise to remain in full force and virtue."

The appeal was in fact dismissed, whereupon plaintiff, on February 28th, 1922, made demand on the W. J. B. Motor Company for the truck. That company offered him the truck, but in a wholly dismantled condition, the wheels being gone, as well as practically all the machinery, leaving in effect only the frame and body. Plaintiff refused to accept this as the "motor truck" to which he was entitled, and brought this suit.

On the trial it appeared that the plaintiff's title arose out of a purchase by him about January 20th, 1921, at a sale under the Garage Keepers' Lien act (Pamph. L. 1915, p. 556); that the truck was then in possession of the W. J. B. Motor Company, and was in complete running order. It is a legitimate inference that the W. J. B. Motor Company refused to let plaintiff as purchaser take the truck away after the sale; what the grounds of refusal were does not appear; but no doubt they were dealt with in the replevin suit, in which he recovered judgment on February 28th, 1921, about a month later. Apparently he did not bond and take the truck under his writ of replevin, or if he did, defendant

must have rebonded, as the truck remained in defendant's possession throughout. Then followed the appeal and the bond now in suit, dated March 9th, 1921; just when the appeal was dismissed does not appear, but it was before the present suit was begun.

The trial court gave judgment for the plaintiff and defendants appealed. The only ground of appeal is that the court erred in rendering judgment for the plaintiff because, in order to justify his refusal to accept the so-called "truck," offered in response to his demand of February 28th, 1922, after the appeal was dismissed, plaintiff was required to prove "the condition of the truck at the time the writ of replevin was issued or the demand prior thereto was made." The language of the specification of error is somewhat different, but we take the above from the state of the case as settled by the court below.

We are not willing to accede to the proposition necessarily implied in defendants' argument, that a claimant of chattels is to be held to acceptance of them in their condition at the time he demands them as a preliminary to replevin, as against their condition at the time his right to possession accrued. The plaintiff purchased a truck in running order, and that before defendants offered it to him, after protracted litigation, it had been looted and all but wrecked, is sufficiently plain. If it be conceded, for the sake of argument, that some proof of its condition when formally demanded, either late in January or early in February, 1921 (the judgment in replevin was entered February 28th, 1921), was requisite, it is sufficient to rely on the general rule that a condition shown to exist and not containing inherent elements of change, is presumed to continue for a reasonable period. _Watson_ v. _Kelty,_ 16 _N. J. L._ 517; _Leport_ v. _Todd,_ 32 _Id._ 124; _Alcott_ v. _Public Service Corporation,_ 78 _Id._ 482; _Wichern_ v. _United States Express Co.,_ 83 _Id._ 241; _Wigm. Ev.,_ § 437; 22 _C. J._ 86, 90; _Martin_ v. _Fishing Insurance Co.,_ 20 _Pick._ 389, 396. The rule should be peculiarly applicable in a case where, as here, all the available knowledge and evidence are in the nature of things at the command of

the party in control of the property. Plaintiff having proved the conditions on January 20th, when the truck was reposing safely in defendants' possession, the court, in the absence of evidence showing a change before demand in replevin a few days later, was clearly entitled to find that no change had occurred up to that time.

The judgment will be affirmed.